PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
BENITO CORSINO, Defendant and Appellant.

No. 7246. Argued December 21, 1938—Decided January 13, 1939.

*Gustavo Giménez Sicardó* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

Benito Corsino was accused and convicted of a violation of Act No. 25 of July, 1935 (Laws of 1935, (2) page 152), whereby the games generally known as numbers (*bolita*), bolipool and clandestine combinations related with the pools of the race tracks of Puerto Rico are declared a public nuisance.

The evidence offered by the district attorney in support of the complaint consisted of 34 tickets of the alleged clandestine pool carried on by the accused, of which there appear 202 combinations played and 14 tickets not played. These latter are made of two sheets exactly the same in regard to their content with the only exception that their correlative numbers are different. For example, in one of them the original is numbered 10,324 and the duplicate 22,324; in another the original is numbered 10,399 and the duplicate 22,399. And thus with all the rest of them with the peculiarity that in each of them the last three numbers of each original and of its corresponding duplicate are identical. All the evidence and also a telegram and $2.81 in cash, product of the sale of tickets, were occupied by the police while searching the residence of the accused, which search was made by

virtue of a search warrant issued by the Justice of the Peace of Río Grande.

In the present appeal the lower court is alleged to have committed error in (1) having admitted in evidence the printings and other effects occupied in the defendant's house; (2) having denied defendant's motion for a directed verdict; and (3) having erroneously weighed the evidence presented by the accused and having reached conclusions contrary to the evidence.

The objection of the accused to the admission of the documentary evidence was based on the fact that the search warrant had not been returned by the policeman who made the search to the judicial officer who issued it, in keeping with the provisions of section 515 of the Code of Criminal Procedure. From the transcript of the evidence before us there only appears the objection of the accused and the decision of the lower court refusing to eliminate the evidence. The accused-appellant has not made the search warrant nor the return thereon a part of the record. We are not, therefore, in a condition to judge whether or not the aforesaid legal precept was complied with.

The lower court did not commit error in denying the motion of the accused for a directed verdict. The evidence presented by The People was in our opinion sufficient to sustain the allegations of the complaint.

We do not find that in weighing the evidence or in the decision of the conflicts arising from the evidence of either party any manifest error was committed, nor that the judge acted under the influence of passion, prejudice or partiality. It is our duty to sustain his decision and as a consequence *affirm the judgment appealed from.*

Mr. Chief Justice Del Toro took no part in the decision of this case.